# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

DANIEL GOSAYE ADEFRIS,

        Plaintiff,

vs.

WILSON TRAILER COMPANY, et al.,

        Defendant.

No. C15-4063-MWB

**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANTS' MOTION TO DISMISS**

---

## I.    INTRODUCTION AND BACKGROUND

On July 23, 2015, plaintiff Daniel Gosaye Adefris filed a *pro se* Complaint against his former employer, defendant Wilson Trailer Company ("Wilson"), and three Wilson employees, defendants John Kreber, Carol LaBrune, and Richard Libke. Adefris alleges that defendants discriminated, harassed, and retaliated against him because of his race and national origin, in violation of the Iowa Civil Rights Act ("ICRA") and Title VII of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"); and discriminated against him and denied him reasonable accommodation for a disability, in violation of the Americans with Disabilities Act ("ADA") and the ICRA. This case was referred to former United States Magistrate Judge Leonard T. Strand.[1]

---

[1] On February 11, 2016, Judge Strand was confirmed as a United States District Court Judge for the Northern District of Iowa.

On September 1, 2015, defendants filed their Motion to Dismiss. Defendants contend that the Complaint should be dismissed because: Adefris failed to exhaust all administrative remedies; the individual defendants are not subject to liability under Title VII and the ADA, and Adefris has failed to state any plausible claim. Adefris did not file a resistance to defendants' motion.

On January 12, 2016, Judge Strand issued a Report and Recommendation in which he recommends granting in part and denying in part defendants' Motion to Dismiss. Judge Strand recommends that all Adefris's ICRA claims, and all Adefris's Title VII and/or ADA claims related to Adefris's firing be dismissed, without prejudice, because Adefris has not exhausted his administrative remedies with regard to those claims. Judge Strand further recommends that all Adefris's Title VII and ADA claims against the individual defendants be dismissed, with prejudice, because individual employees are not subject to liability under those statutes. In addition, Judge Strand recommends that Adefris's Title VII, ADA and/or Section 1981 discrimination claims, Title VII retaliation claims, Title VII, ADA and/or Section 1981 hostile work environment claims, and Section 1981 retaliatory discharge claims against LaBrune and Libke be dismissed, with prejudice, for failure to state a claim upon which relief may be granted. However, Judge Strand further recommends that defendants' motion be denied as to Adefris's ADA failure to accommodate claim against Wilson, and Adefris's Section 1981 retaliatory discharge claims against Wilson and Kreber. No objections to Judge Strand's Report and Recommendation have been filed.

## II.    LEGAL ANALYSIS

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the

> findings or recommendations made by the magistrate judge.
> The judge may also receive further evidence or recommit the
> matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); see FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the
> Article III judge of any issue need only ask. Moreover, while
> the statute does not require the judge to review an issue *de novo*
> if no objections are filed, it does not preclude further review by
> the district judge, sua sponte or at the request of a party, under
> a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed, and it appears to me upon review of Judge Strand's findings and conclusions that there is no ground to reject or modify them. Therefore, I accept Judge Strand's Report and Recommendation on defendants' Motion to Dismiss.

## III.    CONCLUSION

I accept Judge Strand's Report and Recommendation and, therefore, grant in part and deny in part defendants' Motion to Dismiss. Accordingly, all of Adefris's claims are

dismissed except Adefris's ADA failure to accommodate claim against Wilson, and Adefris's Section 1981 retaliatory discharge claims against Wilson and Kreber.

**IT IS SO ORDERED**.

**DATED** this 18th day of February, 2016.

_Mark W. Bennett_
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA